UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Criminal No. 15-165(11)(JRT/LIB)

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>      Plaintiff,<br><br>v.<br><br>(11) MICHAEL JOSEPH DOMINGUEZ,<br><br>      Defendant. | **GOVERNMENT'S POSITION WITH RESPECT TO SENTENCING** |

The United States of America, by and through its attorneys, Andrew M. Luger, United States Attorney for the District of Minnesota, and Deidre Y. Aanstad, Assistant United States Attorney, hereby submits its position with respect to sentencing of defendant Michael Joseph Dominguez. For the reasons set forth below, the government respectfully requests that the Court impose a sentence of 97 months of imprisonment followed by a term of supervised release.

## INTRODUCTION

On May 20, 2015, a 12-count Indictment was returned by a grand jury sitting in the District of Minnesota charging the defendant and 40 other individuals with conspiracy to distribute heroin, methamphetamine, oxycodone, hydromorphone, hydrocodone, and methadone, to the communities in and surrounding the Red Lake and White Earth Indian Reservations in the District of Minnesota and Native American communities elsewhere. (District Court Docket ("DCD") 1.) Subsequently, on December 10, 2015, a one-count Information was filed in the District of Minnesota charging the defendant with conspiracy

to distribute 100 grams or more of heroin. (DCD 1090.) The defendant entered a plea guilty to the conspiracy alleged in the Information on December 16, 2015.

I.      Offense Conduct

During the spring and summer of 2014, law enforcement began investigating the drug trafficking activities of Omar Sharif Beasley. According to information provided by community members as well as investigation, law enforcement was aware that Beasley was distributing large quantities of heroin in and around the Red Lake Indian Reservation. Further, Beasley was using local community members to assist him in the distribution of controlled substances. A break in the investigation came on October 3, 2014, when law enforcement from the Red Lake Police Department executed a warrant at a residence on the Red Lake Indian Reservation. Inside the residence, officers located several of the defendant's co-conspirators and approximately 1300 grams of heroin. All the individuals located inside the home were arrested on tribal or state charges.

As the investigation continued, law enforcement learned that the defendant, a firefighter with the Red Lake Band's fire department, was involved in the Beasley Drug Trafficking Organization ("DTO"). Through investigation, law enforcement initially learned that the defendant was renting storage lockers for the DTO and wiring substantial sums of money to a co-conspirator in Detroit, Michigan. Further, through interviews with co-conspirators, law enforcement learned that after the arrest of co-conspirator Sonnie Barrett on October 3, 2014, the defendant became Beasley's lieutenant on the Red Lake Indian Reservation. Namely, the defendant supplied heroin to lower-level

distributors on the Red Lake Indian Reservation and collected money for the DTO from those low-level distributors.

On November 7, 2014, the defendant was stopped in Morrison County, Minnesota, with two charged co-conspirators. Inside the vehicle, law enforcement found more than $10,000 cash and a small amount of heroin. Ultimately, the defendant was charged in Morrison County with the illegal possession of heroin.

Based on the defendant's admissions to the Court at the time of his change of plea hearing, the defendant distributed between one and three kilograms of heroin from at least April 2014 through at least November 2014. Additionally, as the defendant clearly stated before the Court at the time of his plea of guilty, the defendant managed Beasley's heroin distribution network on the Red Lake Indian Reservation. In doing so, the defendant supplied approximately lower-level distributors with heroin, collected their profits, and provided money to Beasley. Further, the defendant has admitted that he listened to the law enforcement scanner while working as a firefighter to stay up to date on any investigations or law enforcement activity involving co-conspirators.

II.     Prior Criminal History and Post-Charge Conduct

As outlined in the Presentence Report prepared in this matter, the defendant has a criminal history that includes arrests and charges in tribal court as well a gross misdemeanor DWI in Beltrami County. The defendant has a criminal history score of II because the defendant was under supervision in Beltrami County at the time he managed the heroin distribution network in Red Lake.

## SENTENCING GUIDELINES CALCULATION

The district court should begin sentencing proceedings by correctly calculating the applicable Guidelines range. *Gall v. United States*, 552 U.S. 38, 49 (2007). In this matter, the defendant pled guilty to Conspiracy to Distribute 100 grams or more of heroin. This offense carries a mandatory minimum sentence of 60 months' imprisonment. In addition to this mandatory minimum sentence, the Sentencing Guidelines are applicable. The PSR correctly determined that the adjusted offense level for distributing 1 to 3 kilograms of heroin is 30. (PSR ¶ 99.)

With regard to his role, the PSR appropriately assessed an adjustment for the defendant's management role in the offense. (PSR ¶ 105.) Based on the defendant's admissions at the time of his plea of guilty, the PSR appropriately assessed a 3-level adjustment for his role. (*Id.*) However, in the plea agreement and sentencing stipulations, the government agreed to ask for a 2-level adjustment for the defendant's management role based on information available at the time of the plea agreement. The defendant has not and does not currently dispute an adjustment for his role in the offense.

Based on the government's agreements made in the plea agreement, the government still requests a 2-level rather than 3-level adjustment for the defendant's management role.

Moving on to the remaining calculations, the PSR appropriately determined that the defendant is entitled to a 3-level adjustment for acceptance of responsibility. (PSR ¶¶ 109 and 110.) Further, the PSR correctly concluded that the defendant's criminal history category is II. (PSR ¶ 119.) Despite the PSR's conclusion regarding the defendant's criminal history, the defendant suggests that his criminal history is overstated because he only has one prior conviction on his record. And, the remaining points were assessed because he was on probation for a 2008 offense. The defendant ignores the fact that the reason he was still on probation in 2014 for a 2008 offense was because a warrant for the defendant's arrest was active for four years. Further, the conviction was for driving while impaired and causing a one-vehicle accident with other individuals in the vehicle. Finally, the PSR does not detail the defendant's tribal court history. Based upon the defendant's history with respect to his one prior conviction in state court and scant details about a tribal court history, a criminal history category of II does not overstate the defendant's criminal history.

Based on the Probation Office's guidelines calculations, the PSR concluded that the defendant's Guidelines range for Conspiracy to Distribute Heroin is 108 to 135 months of imprisonment. (PSR ¶ 155.) To abide by the terms of the plea agreement, the government respectfully requests that the Court modify the guidelines calculations and Guidelines range to include a 2-level rather than 3-level adjustment for the defendant's

role in the offense. Accordingly, the Guidelines range would be 97-121 months of imprisonment.

And, for the reasons outlined in the next section, the government respectfully requests that the Court impose a sentence of 97 months' imprisonment for conspiracy to distribute between 1 and 3 kilograms of heroin on the Red Lake Indian Reservation.

## **SECTION 3553(a) SENTENCING FACTORS**

In determining a sentence sufficient, but not greater than necessary, to accomplish the federal sentencing goals outlined in 18 U.S.C. § 3553, a Court must examine multiple factors including the nature and circumstances of the offense; the history and characteristics of the defendant; the need for the sentence imposed (a) to reflect the seriousness of the offense, to promote respect for the law, to provide just punishment for the offense, (b) to afford adequate deterrence to criminal conduct, (c) to protect the public from further crimes of the defendant, and (d) to provide the defendant with needed educational and vocational training, medical care or other correctional treatment in the most effective manner; and the need to avoid unwarranted sentencing disparities. *See* 18 U.S.C. § 3553(a). In this case, considering all of the sentencing factors, the government respectfully submits that a sentence of 97 months' imprisonment is appropriate for the defendant. Such a sentence would be sufficient, but not greater than necessary, to accomplish the federal sentencing goals in this case.

I.      Nature and Circumstances of the Offense

Here, the defendant has agreed that he was a manager in the Beasley DTO and provided some information regarding the true extent of his role in Beasley's distribution

network on the Red Lake Indian Reservation. For more than 6 months, the defendant distributed heroin to Red Lake members for Beasley. The defendant admits that he sought out an opportunity to distribute heroin to make money to support his addiction. For more than four months, the defendant was Beasley's right-hand person or "lieutenant" for Red Lake.[1] The defendant took an active role in overseeing low-level distributors, collecting money, and providing money to Beasley. Further, the defendant actively aided Beasley to rent hotel rooms and rent to storage lockers and garages to aid in the distribution of heroin and to hide assets of the DTO. Finally, the defendant used his position with access to law enforcement to protect the DTO. Over the course of a little more than 6 months, the defendant distributed more than one kilogram of heroin to community members on the Red Lake Reservation. Although a reported addict himself, the defendant distributed a significant quantity of heroin to other mothers, fathers, friends, and family members on the reservation. The defendant's actions did not only impact his own health and well-being. Rather, the defendant contributed to a significant epidemic on the Red Lake Indian Reservation.

Based upon the nature and circumstances of the offense, a sentence of 97 months' imprisonment is a fair and just sentence. The defendant took on a leadership role in the distribution of heroin on the Red Lake Indian Reservation. The defendant actively distributed a significant quantity of heroin on the reservation.

---

[1] Lieutenant is the term Beasley assigned to leaders or managers within his organization.

II.     History and Characteristics of the Defendant

By the defendant's own report, he led a life with his family on the Red Lake Indian Reservation that was more fortunate than others. Nonetheless, the defendant turned to drugs and alcohol at a young age despite a strong family support system. The defendant tried to stay on track, but his addictions took over. Despite losses of employment and relationships as a result of heroin, the defendant did not stop. Rather, the defendant turned to a life of crime – distributing heroin to community members. The defendant rose to a leadership role in the Beasley organization taking on the responsibility of a significant amount of heroin and cash.

Although the defendant's upbringing and criminal history may reflect the need for a lesser sentence, the defendant's role in the offense mitigates against a lesser sentence. When the defendant's role is compared with other co-conspirators, a sentence of 97 months' imprisonment is fair and just.

III.    A Fair and Just Sentence

In evaluating what is a sufficient, but not greater than necessary, sentence, the Court must examine several societal factors in addition to the specific factors surrounding the offense and the defendant. Namely, the Court must impose a sentence that reflects the seriousness of the offense, promotes respect for the law, and provides just punishment for the offense. Further, the Court must impose a sentence that affords adequate general and specific deterrence to criminal conduct. Here, a sentence of 97 months' imprisonment balances all these societal and personal factors.

Here, although the defendant had his own struggles with addiction, the defendant enabled and contributed to Red Lake's epidemic of heroin and substance abuse. There is no secret about the struggles that Red Lake Band members face with addictions. There is no secret about the outside influences that bring drugs to the reservation and impact individual community members and the community as a whole. These outside influences would not be successful if it were not for community members like the defendant. The defendant chose to not be just a user, but to be a leader in an organization that poisoned the Red Lake community. To promote respect for the law and reflect the seriousness of the offense, the defendant must be punished for his actions. Further, there must be an adequate sentence in hopes of deterring others from becoming those connections that allow an entire community to be impacted.

After reviewing all the factors set forth in 18 U.S.C. § 3553(a), a sentence of 97 months' imprisonment is a sufficient, but not greater than necessary, sentence.

## **CONCLUSION**

The government respectfully requests that the Court impose a sentence of 97 months' imprisonment. This sentence is reasonable as guided by the factors outlined in 18 U.S.C. § 3553(a).

Dated: April 12, 2016                                     Respectfully Submitted,

                                                          ANDREW M. LUGER
                                                          United States Attorney

                                                          s/Deidre Y. Aanstad

                                                          BY:  DEIDRE Y. AANSTAD
                                                          Assistant U.S. Attorney
                                                          Attorney ID No. 0331788